JoNES, Judge,
concurring:
I concur in the result. The attorney was a mere instrumentality for accomplishing a purpose instituted by and approved by the defendant. Apart from that purpose, as disclosed by the statutes, the attorney had no interest whatever in the briefs as such, or in their printing.
To get a true concept of the background of this contract, the different statutes must be construed together. It must first be remembered that the Indians are in a sense wards of the Government. Their funds are deposited in a special account in the Treasury and their expenditures must be approved by an authorized official of the Government.
By the Act Approved May 20, 1924 (43 Stat. 133, 134), jurisdiction was conferred upon the Court of Claims to hear, examine and render judgment in any and all legal and equitable claims growing out of any treaty or agreement between the United States and the Seminole Indian Nation or Tribe.
To show the complete supervision of the Government over the entire proceeding, we quote from Section 2 of the act:
* * * The petition shall be verified by the attorney or attorneys employed to prosecute such claim or claims under contract with the Seminóles approved by the Commissioner of Indian Affairs and the Secretary of the Interior; and said contract shall be executed in their behalf by a committee chosen by them under the direction and approval of the Commissioner of Indian Affairs and the Secretary of the Interior. * * *
It will be noted that in this basic act the attorneys employed must be approved by the Commissioner of Indian Affairs and the Secretary of the Interior, and the contract must be executed in behalf of the Indians by a committee chosen under the direction and with the approval of both the Commissioner and the Secretary.
Pursuant to the above act, provision was made in the Appropriation Act of March 2, 1934 (48 Stat. 362, 377), for the sum of not exceeding $5,000.00 which was authorized to be expended out of any money standing to the credit of the Seminole Nation of Indians in the Treasury of the United States, in such sums as might be necessary to reim *172 burse the attorneys for such proper and necessary [italics ours] expenses as may have been incurred or may be incurred in the investigation of records and preparation, institution and prosecution of suits of the Seminole Nation of Indians against the United States under the Act of May 20, 1924, supra. . It was .further, provided that such claims for expenses incurred must be approved by the Secretary of the Interior.
In the Appropriation Act of June 22, 1936 (49 Stat. 1597, 1621), an additional sum was authorized to be expended from the
tribal funds of the Wichita and affiliated bands of Indians of Oklahoma in the Treasury of the United States, upon proper vouchers to be approved by him, for costs and expenses already incurred and those to be incurred by their duly authorized attorneys in the prosecution of the claims of said Indians now pending in the Court of Claims, * * *
It will thus be seen that in protecting the Indians the defendant.,, authorized, through one of its agencies a suit to be brought against the Government in behalf of the Indians. It authorized certain expenses, including the printing of briefs, to be incurred. The attorney was merely the authorized channel through which the printing was ordered. He had no interest in the contract price of the briefs. He was simply the medium through which the contract was entered into, the conduit through which this necessary item of cost was to be paid to the proper party. This is true regardless of whether there was a trust.
It is true that the statute uses the expression “reimbursement” to the attorneys for necessary expenses incurred. This was merely a mattér of form.
We look to the substance rather than the form. That substance is made manifest in a reading of the statutes in their entirety. The briefs were printed for and on behalf of the Indians. They were to be paid for out of Indian funds. The entire transaction from the beginning to the end was supervised and directed by the Commissioner of Indian Affairs and the Secretary of the Interior. When the facts are considered in their entirety, it is manifestly a contract implied in fact, if not an express contract, on the *173 part of the defendant in behalf of the Indians for the printing of the necessary briefs. It was authorized to be made through an attorney, approved by both the Indians and the proper agency of the Government.
To construe the use of the word “reimburse” as riding down the whole Course of dealing and manifest purpose that was sought to be accomplished through the supervision of the defendant as provided in the statutes appears as hypertechnical. It is rather apparent from the various acts that the Secretary of the Interior had authority to pay the necessary expenses in any manner he saw fit.
In this connection attention is again called to the fact that these were Indian funds. The expense was to be paid out of Indian funds. To permit the Government to use the funds of its ward to pay the personal debts of an attorney who had been selected with its approval would, to say the least, put the Government in an unfortunate position.
Not only the facts as a whole, but every consideration of justice calls for' a recovery on the part of the plaintiff for work actually done under the supervision and direction of the defendant.
Whitaker, Judge, concurs in this opinion.